UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANDREW J. DALY,<br><br>                                        Plaintiff,<br><br>v.<br><br>CHRISTOPHER S. MASON, individually;<br>JOHN DANIEL PINKHAM, individually and<br>as Lt. Colonel of Standards and Training of the<br>Massachusetts State Police; and<br>JOHN E. MAWN, JR., individually and as<br>Colonel of the Massachusetts Department of<br>State Police,[1]<br><br>                                        Defendants. | Civil Action No. 4:23-cv-40162-MRG |

## MEMORANDUM AND ORDER

**GUZMAN, J.**

Plaintiff Andrew J. Daly ("Plaintiff" or "Daly") brings this action against Defendants Christopher S. Mason ("Mason"), the former colonel of the Department of State Police, John D. Pinkham ("Pinkham"), a lieutenant colonel of Standards and Training for the Department of State Police, and John E. Mawn, Jr. ("Mawn"), the colonel of the Department of State Police

---

[1] Plaintiff sued Defendant Christopher S. Mason individually and in his official capacity as Colonel of the Massachusetts Department of State Police. [ECF No. 1]. The Court takes judicial notice that, in February 2023, Defendant Mason retired from the Massachusetts State Police and Defendant John E. Mawn, Jr. was named as Interim Colonel. Press Release, Mass. State Police, Healey-Driscoll Administration Announces Retirement of Massachusetts State Police Colonel-Superintendent Christopher S. Mason (Feb. 10, 2023), https://www.mass.gov/news/healey-driscoll-administration-announces-retirement-of-massachusetts-state-police-colonel-superintendent-christopher-s-mason. These facts "can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned." Fed. R. Evid. 201(b)(2); see Mazzarino v. Mass. State Lottery Comm'n, 616 F. Supp. 3d 118, 124 n.4 (D. Mass. 2022); Madison v. Cruz, 393 F. Supp. 3d 135, 137, 137 n.2 (D. Mass. 2019). Because Defendant Mason no longer holds his official position, his successor, Defendant Mawn, is automatically substituted for purposes of the official capacity claims. Fed. R. Civ. P. 25(d).

1

after the Defendants allegedly coerced him into retiring from the Massachusetts State Police ("MSP"). Pending before the Court is Defendants' Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. Rule 12(b)(1). [ECF No. 18.] For the reasons stated below, the Court **GRANTS** in part and **DENIES** in part the motion.[2]

## I.  Factual Background[3]

Plaintiff began working as an MSP officer in 2000. [ECF No. 1 ¶ 8.] In addition to his duties as an officer, Plaintiff served as Treasurer for the State Police Association of Massachusetts ("SPAM"), the collective bargaining unit for noncommissioned members of the Department of State Police. [Id. ¶¶ 9-10.] In 2018, the United States Attorney's Office ("USAO") requested to speak with SPAM's executive board members regarding an investigation of SPAM and its President. [Id. ¶ 11.] Plaintiff agreed to cooperate with the USAO and subsequently signed an immunity agreement dated March 29, 2019.[4] [Id. ¶ 14; ECF No. 18-1 at 7.] Plaintiff resigned as SPAM's Treasurer on July 10, 2019, but continued to work full duty as an officer for the MSP. [ECF No. 1 ¶¶ 18-19.] In September of 2019, SPAM's President was indicted by a grand jury for federal conspiracy, wire fraud, racketeering, and obstruction charges. [Id. ¶ 17.] In May of 2022, the USAO requested that Plaintiff testify at the criminal trial of SPAM's President. [Id. ¶ 22.] Plaintiff informed the Defendants of his subpoena and on May 27, 2022, Plaintiff was given authorization to both prepare for the trial with the USAO and testify in the trial taking place in October of 2022. [Id. ¶¶ 22-24.]

---

[2] Defendants filed a separate Motion to Dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6) to dismiss the individual capacity claims. [ECF No. 16.] The Court will address that motion in a separate order.
[3] When a party facially challenges jurisdiction in a 12(b)(1) motion, the Court accepts the well-pleaded facts from the complaint. Cebollero-Bertran v. P.R. Aqueduct & Sewer Auth., 4 F.4th 63, 69 (1st Cir. 2021) (citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001)). Therefore, the Court draws the relevant factual background for this order from Plaintiff's complaint. [ECF No. 1]
[4] Plaintiff signed a subsequent agreement outlining Plaintiff's cooperation, outlining his future requirements to testify at any hearing or trial if requested, dated July 30, 2019. [ECF No. 18-1 at 3-4.]

In July of 2022, Pinkham informed Plaintiff that he would be placed on administrative leave on July 19, 2022. [Id. ¶ 25.] Pinkham also notified Plaintiff that there would be a Duty Status hearing on July 21, 2022, where Plaintiff "could expect to be suspended[,]" and that the hearing would determine whether the suspension was with or without pay. [Id.] Pinkham informed Plaintiff that the Defendants had concerns about "what may come out during" Plaintiff's testifying at the October trial. [Id. ¶ 26.] In addition, Pinkham notified Plaintiff that he would be conducting an internal affairs investigation into Plaintiff's conduct. [Id.] Preceding the Duty Status hearing, Plaintiff was informed that Pinkham expected to suspend Plaintiff without pay and demote him from the rank of captain after the internal affairs investigation.[5] [Id. ¶ 30.] Faced with the threat of losing his pay and being demoted from the rank of captain, thereby reducing his potential retirement earnings, and barring him from an Honorable discharge, Plaintiff retired on July 18, 2022. [Id. ¶¶ 27-32.] In May of 2023, Plaintiff sought reinstatement to his position of captain from Mawn. [Id. ¶ 33.] His request for reinstatement was subsequently denied by Mawn on August 4, 2023. [Id. ¶ 34.]

In essence, Plaintiff alleges that the Defendants coerced him into retiring. Plaintiff advances six claims against Defendants individually and in their official capacity. [See id.] Count I alleges that Defendants violated the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, §§ 11H-11J. Plaintiff also alleges violations of his First and Fourteenth Amendment rights under 42 U.S.C. § 1983 in Counts II and III. Counts IV and V allege Conspiracy to Interfere with Civil Rights under 42 U.S.C. § 1985 and Civil Conspiracy under Massachusetts law, respectively. Plaintiff lastly brings a claim for Intentional Infliction of Emotional Distress under Massachusetts law.

---

[5] Plaintiff received two promotions from his original role of officer. In September of 2019, Plaintiff was promoted to lieutenant, and in February of 2022, Plaintiff was promoted to captain. [ECF No. 1 ¶¶ 20-21.]

## II.     Legal Standard

"When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." Ayyadurai v. Galvin, 560 F. Supp. 3d 406, 410 (D. Mass. 2021) (quoting Ne. Erectors Ass'n of BTEA v. Sec'y of Lab., Occupational Safety & Health Admin., 62 F.3d 37, 39 (1st Cir. 1995)).

"When a defendant moves to dismiss for lack of federal subject matter jurisdiction, [] 'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir.), cert. denied, 515 U.S. 1144 (1995)). "If the party fails to demonstrate a basis for jurisdiction, the district court must grant the motion to dismiss." Id. The district court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor" when ruling on a Rule 12(b)(1) motion. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citing Valentin, 254 F.3d at 363). A plaintiff cannot assert a proper jurisdictional basis "merely on unsupported conclusions or interpretations of law" or "[s]ubjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded facts[.]" Murphy, 45 F.3d at 522 (citations omitted). In evaluating whether the party has met its burden of proof, the court "may consider extrinsic materials and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations." Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000).

## III.    Discussion

The Complaint asserts that Defendants violated Plaintiff's constitutional rights and committed various torts when they allegedly coerced him to retire from the MSP. Making no distinction between individual and official capacity claims, Plaintiff seeks monetary and

injunctive relief. Because the Eleventh Amendment extends sovereign immunity to retroactive monetary claims made against a state officer, the Court will dismiss all counts of the Complaint to the extent Plaintiff seeks monetary relief. Counts I, V, and VI are similarly barred by the Eleventh Amendment and will be also dismissed, to the extent Plaintiff seeks injunctive relief in the form of reinstatement, because Plaintiff sued under state law.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has construed this Amendment to establish that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (citation omitted). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citations omitted).

State sovereign immunity is not absolute. "States may consent to suit in federal court, and, in certain cases, Congress may abrogate the States' sovereign immunity." Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990) (citations omitted). Moreover, a plaintiff may also seek prospective relief against state officials acting in violation of federal law under the principles set forth in Ex parte Young. Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004). As such, Plaintiff can establish the Court's subject matter jurisdiction over the claims against Defendants in their official capacity only if he can show either that the Commonwealth has

5

waived sovereign immunity, that Congress has abrogated it, or that he is seeking prospective relief to remedy an ongoing violation of federal law. The Court will address each of these in turn.

### A.  Congress Has Not Abrogated the Commonwealth's Immunity

Plaintiff's claims arising under 42 U.S.C. §§ 1983 and 1985 are barred by the Eleventh Amendment to the extent they seek monetary relief against Defendants in their official capacity. It is undisputed that Section 1983 does not abrogate the Commonwealth's sovereign immunity. See Quern v. Jordan, 440 U.S. 332, 341-42 (1979) ("[W]e simply are unwilling to believe … that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States."). Because state officials acting in their official capacity are considered an extension of the state, Defendants are entitled to sovereign immunity and cannot individually constitute a "person" under Section 1983. See Will, 491 U.S. at 71 (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). This analysis applies equally to Plaintiff's claims arising under Section 1985. See Santiago v. Keyes, 839 F. Supp. 2d 421, 428 (D. Mass. 2012). The Court will therefore allow Defendants' motion as to Counts II, III, and IV to the extent they seek monetary relief.

### B.  The Commonwealth Has Not Waived Its Sovereign Immunity

Plaintiff's claims arising under Massachusetts state law are similarly barred under the Eleventh Amendment to the extent they seek monetary relief against Defendants in their official capacity. Indeed, "[t]he Eleventh Amendment also bars suits in federal court against states and state officers alleging violations of state law, regardless of the form of relief sought[,] … unless the state has waived its immunity." Canales v. Gatzunis, 979 F. Supp. 2d 164, 173 (D. Mass. 2013).

Count I of the Complaint asserts a claim under the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, §§ 11H-11J ("MCRA"). As with Plaintiff's claims arising under Sections 1983 and 1985, the Commonwealth and its agencies are not "persons" within the meaning of the MCRA. Powell v. Massachusetts, No. 16-cv-30004-MGM, 2016 WL 7115887, at *12 (D. Mass. Sept. 20, 2016) ("Massachusetts state courts have held that 'the Commonwealth [including its agencies] is not a 'person' for purposes of [the MCRA.]" (first alteration in original)); Santiago, 839 F. Supp. 2d at 428 ("Piggybacking on the Supreme Court's section 1983 analysis in Will, Massachusetts state courts, to date, have invariably held that they 'should reach the same result under the State Civil Rights Act[.]'" (citations omitted)). Accordingly, because the MCRA did not abrogate the Commonwealth's sovereign immunity, the Court will allow Defendants' motion as to Count I to the extent it seeks monetary relief.

Counts V and VI of the Complaint bring claims under the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258 ("MCTA"). Although the MTCA provides a limited waiver of the Commonwealth's sovereign immunity, Mass. Gen. Laws. ch. 258, § 2, that waiver does not apply to suits brought under the statute in federal court.[6] Caisse v. DuBois, 346 F.3d 213, 218 (1st Cir. 2003) ("By enacting the [MTCA], the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court."). Indeed, the MTCA provides that "[t]he superior court shall have jurisdiction of all civil actions brought against a public employer." Mass. Gen. Laws ch. 258, § 3. And, the Massachusetts Supreme Judicial Court has recognized that the MTCA only "grants exclusive jurisdiction over claims brought under the statute to the

---

[6] Moreover, the MTCA provides that the limited waiver provided under Mass. Gen. Laws ch. 258, § 2 does not apply to "any claim arising out of an intentional tort, including … intentional mental distress," among others. Mass Gen. Laws ch. 258, § 10(c). This Court has previously found that although Mass. Gen. Laws ch. 258, § 10(c) "does not specifically enumerate conspiracy, [it] still contemplates such claims 'by the language of § 10(c) in that the essence of civil conspiracy claim is the intent to act in concert with another to the detriment of a third party.'" Wentworth Precious Metals, LLC v. City of Everett, No. 11-10909-DPW, 2013 WL 441094, at *14 (D. Mass. Feb. 4, 2013) (quoting Leatham v. Donell, No. 954539B, 1996 WL 1251390, at *2 (Mass. Super. Ct. Aug. 9, 1996)).

7

Commonwealth's Superior Courts." Morrissey v. Massachusetts, No. 18-11386-MBB, 2022 WL 1463051, at *13 (D. Mass. May 9, 2022) (quoting Wolski v. Gardner Police Dep't, 411 F. Supp. 3d 187, 193 (D. Mass. 2019)). Because the Commonwealth has not waived its immunity from tort suits in federal court, this Court lacks jurisdiction over Plaintiff's tort claims against Defendants.[7] Id. ("[T]he Commonwealth has not waived its immunity from suit in federal court as to tort claims and therefore this Court lacks jurisdiction -- either original or supplemental -- over [the plaintiff's] claim against the Commonwealth." (alteration in original) (quoting Rivera v. Massachusetts, 16 F. Supp. 2d 84, 88 (D. Mass. 1998)). As such, the Court will allow Defendants' motion to dismiss as to Counts V and VI to the extent they seek monetary relief. See Wolski, 411 F. Supp. 3d at 193 ("[T]he First Circuit and this Court have consistently held that claims brought under the [MTCA] in federal court ought be dismissed.").

### C. Ex parte Young's Exception to the Eleventh Amendment

In addition to seeking monetary relief, Plaintiff claims against Defendants seek relief in the form of reinstatement "to the Department of State Police without any loss of rank or compensation[.]" [ECF No. 1 at 11.] Consistent with the exception to sovereign immunity carved out in Ex parte Young, 209 U.S. 123 (1908), these claims fail to the extent they are premised on state law. Nonetheless, Plaintiff's claims premised under Sections 1983 and 1985 survive the Eleventh Amendment challenge.

"While the Eleventh Amendment prohibits a party from bringing suit against a state in federal court, it does not prohibit a party from bringing suit against a state officer in federal court for prospective declaratory or injunctive relief under federal law." Asociación De Subscripción

---

[7] As Defendants correctly point out, Plaintiff cannot circumvent the Commonwealth's sovereign immunity by framing his tort claims as arising under common law. See Canales, 979 F. Supp. 2d at 176 ("Plaintiffs may not assert common-law negligence claims to avoid compliance with the MTCA.").

8

Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza, 484 F.3d 1, 24 (1st Cir. 2007) (first internal citation omitted) (citing Ex parte Young, 209 U.S. 123, 155 (1908)). Ex parte Young thus provides an exception to the Eleventh Amendment's jurisdictional bar "in cases where prospective declaratory or injunctive relief is sought under federal law.'" Mills v. Maine, 118 F.3d 37, 54 (1st Cir. 1997). Under Ex parte Young's exception, individuals can sue state officials only for prospective injunctive relief. See Rosie D. ex rel. John D. v. Swift, 310 F.3d 230, 234 (1st Cir. 2002). It does not permit "judgments against state officers declaring that they violated federal law in the past" or any other claims for "retrospective relief." P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 145-46 (1993) (citing Green v. Mansour, 474 U.S. 64, 73 (1985)). The purpose of the Ex parte Young exception is "to prevent continuing violations of federal law, . . . not to remedy past violations." Greenless v. Almond, 277 F.3d 601, 607 (1st Cir. 2002). Additionally, federal courts have no jurisdiction to entertain suits that seek to require that a state official comply with state laws or regulations. See Pennhurst, 465 U.S. at 106 ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.").

To determine whether the Ex parte Young exception applies, courts conduct a "straightforward inquiry" that asks whether the complaint "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002) (quoting Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring)). This inquiry need not analyze whether the claims are meritorious. Verizon, 535 U.S. at 646 ("[T]he inquiry into whether suit lies under Ex parte Young does not include an analysis of the merits of the claim."). Indeed, "the pivotal question to be decided when a defendant brings a motion to dismiss is whether the

9

requested relief would directly bring an end to an ongoing violation of federal law." Hootstein v. Collins, 670 F. Supp. 2d 110, 114 (D. Mass. 2009) (citing Papasan v. Allain, 478 U.S. 265, 278 (1986)).

Here, Claims I, V, and VI of the Complaint seek relief in the form of reinstatement to the Department of State Police on the basis of state law violations. As Plaintiff concedes in its opposition brief, [ECF No. 22 at 3-4], because the Ex parte Young exception does not authorize a federal court to award injunctive relief against a state official based on a violation of state law, this Court has no power to grant Plaintiff's prayer. Accordingly, the Court will grant Defendant's motion to dismiss as to Claims I, V, and VI, to the extent they seek injunctive relief against Defendants in their official capacity.

On the other hand, Counts II, III, and IV of the Complaint are premised on alleged violations of federal law. Like termination, Plaintiff's alleged coerced retirement and refused reinstatement are discrete acts, but the harm caused constitutes an ongoing violation in the form of Plaintiff's continued exclusion from the Department of State Police. See 17A Moore's Federal Practice – Civil § 123.40 (2024) ("Termination in violation of federal law or the constitution is itself considered a discrete act. However, the harm caused by the termination is considered an ongoing violation for Ex parte Young purposes."). Moreover, Plaintiff's prayer for an injunctive order that he be reinstated qualifies as a request for prospective equitable relief. See Germanowski v. Harris, No. 15-30070-MGM, 2016 WL 696097, at *3 (D. Mass. Feb. 19, 2016) ("Consistent with the exception to Eleventh Amendment state immunity carved out in Ex Parte Young, 209 U.S. 123 (1908), the claims seeking prospective relief, in the form of reinstatement, from [Defendant] in her official capacity survive the Eleventh Amendment challenge." (citing Whalen v. Mass. Trial Ct., 397 F.3d 19, 28-29 (1st Cir. 2005))). The Court will therefore deny

Defendants' motion to dismiss as to Counts II, III, and IV, to the extent they seek prospective injunctive relief against Defendants in their official capacity.

### IV.   Conclusion

In accordance with the foregoing, Defendants' motion to dismiss [ECF No. 18] is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion to dismiss is GRANTED in full to the extent Counts I-VI seek monetary relief against Defendants in their official capacity. Defendants' motion is also GRANTED as to Counts I, V, and VI of the Complaint, to the extent those counts seek injunctive relief against Defendants in their official capacity. Defendants' motion is DENIED as to Counts II, III, and IV, to the extent those counts seek prospective relief against Defendants in their official capacity.

   **SO ORDERED.**

Dated: September 30, 2024

                                             */s/ Margaret R. Guzman*
                                             Margaret R. Guzman
                                             United States District Judge